IN THE UNITED STATES DISTRICT COURT
                  FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                              EASTERN DIVISION

ANTHONY MOORE, #101104                                         PLAINTIFF

VERSUS                            CIVIL ACTION NO.  4:08cv13-TSL-LRA

WARDEN JOHNNY CROCKETT
and CAPTAIN MARGIE DONALD                                      DEFENDANTS


                        MEMORANDUM OPINION AND ORDER

     On February 19, 2008, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status.  An order [5] was entered on February 27, 2008, directing the plaintiff to file a written response on or before March 19, 2008. The plaintiff was warned in the notice of assignment informing him of his civil action number, the name of the district judge and magistrate judge assigned to the instant civil action as well as the orders of this court entered on February 20, 2008, February 27, 2008, April 3, 2008, and May 5, 2008, that failure to timely comply with the requirements of the order or failure to notify this court of a change of address may lead to the dismissal of his complaint.

     When the plaintiff failed to comply with the order [5] entered on February 27, 2008, an order to show cause [7] was entered on April 3, 2008, directing the plaintiff to respond on or before April 18, 2008, to explain why this case should not be dismissed for failure to comply with this court's order [5] of February 27, 2008.  In addition, the plaintiff was directed to

comply with the order of February 27, 2008, by filing a written response. The plaintiff was warned in this court's order [7] of April 3, 2008, that failure to timely comply with the requirements of the order could lead to the dismissal of his complaint. Once again, the plaintiff failed to comply with the order of this court.

Out of an abundance of caution, a second order to show cause [8] was entered on May 5, 2008, directing the plaintiff to respond on or before May 20, 2008. The order [8] of May 5, 2008, warned the plaintiff that it was his final opportunity to file a written response and that failure to comply would result in the dismissal of the instant civil action. The plaintiff has not complied with the order [8] of May 5, 2008. Having reviewed the record, this court finds that the plaintiff has failed to respond to three court orders. It is apparent from the plaintiff's failure to comply or to otherwise communicate with this court that he lacks interest in pursuing this claim.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of

the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this memorandum opinion and order will be entered.

This the 3rd day of June, 2008.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE